IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ADEL IBRAHIMI HINDI, §
§
                    Plaintiff, §
§ Civil Action No. 3:06-CV-2229-D
VS. §
§
ALBERTO GONZALES, Attorney §
General of the United States, §
et al., §
§
                    Defendants. §

MEMORANDUM OPINION
AND ORDER

       In this mandamus action alleging unreasonable delay in the
adjudication of an application for naturalization, defendants move
to  dismiss  for  lack  of  subject  matter  jurisdiction  or,
alternatively,  to  remand  this  matter  to  the  United  States
Citizenship and Immigration Services ("CIS").  Concluding on the
basis of a recent Fifth Circuit opinion that this court lacks
subject  matter  jurisdiction,  it  grants  defendants'  motion  to
dismiss and dismisses this action without prejudice.

I

       Plaintiff  Adel  Ibrahimi  Hindi  ("Hindi")  is  a  native  and
citizen of Jordan who currently resides in the United States as a
lawful permanent resident.  Hindi submitted an application for
citizenship through naturalization to CIS on April 21, 2004.  On
September  20,  2004  Hindi  was  interviewed,  passed  an  English
proficiency test, and demonstrated his knowledge and understanding
of United States history and government.  On December 6, 2006 he

filed the instant lawsuit, seeking to compel the administrative adjudication of his pending citizenship application with CIS.  As of today, CIS has not made a decision regarding Hindi's citizenship.  Hindi contends that this delay is unreasonable.

Hindi has made several inquiries concerning the status of his citizenship application, to which CIS has responded with a form letter stating that a security check is in progress.  He contends that, under 8 U.S.C. § 1447(b), CIS was required to make a decision on his citizenship within 120 days of his September 20, 2004 interview.  Hindi now asks that the court assume jurisdiction over his application for citizenship through naturalization and naturalize him under 8 U.S.C. § 1447(b).

                              II

Applicants who seek United States citizenship must satisfy several requirements, including legal permanent residence in the United States for at least five years, 8 U.S.C. § 1427(a)(1)-(2), proficiency in the English language and understanding of American history and government, *id.* § 1443(a), and a showing that the applicant is a person "of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States," *id.* § 1427(a)(3).  It appears to be undisputed that Hindi has satisfied these first two requirements.  The third requirement——moral character——appears to remain at issue in this case.

In deciding whether Hindi possesses the required moral character, CIS relies on numerous security and background checks performed by other agencies, including the Department of Homeland Security and the Federal Bureau of Investigation ("FBI"). CIS does not finally adjudicate a request for naturalization until it receives a definitive response on all background checks. *See id*. To date, CIS has yet to receive a response from the FBI.

Hindi contends that CIS's failure to make a determination within 120 days of his initial September 20, 2004 examination and interview confers jurisdiction on this court to determine the matter. 8 U.S.C. § 1447(b) provides, in relevant part:

> [i]f there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted [ ], the applicant may apply to the United States district court . . . for a hearing on the matter. Such court has jurisdiction . . . and may . . . determine the matter . . . .

The Fifth Circuit recently addressed this issue in *Walji v. Gonzales*, ___ F.3d ___, 2007 WL 1747911 (5th Cir. June 19, 2007). In *Walji* the plaintiff, a lawful permanent resident of the United States, sought to be naturalized. *Id*. at *1. Like Hindi, Walji was interviewed and initially examined by CIS, where he showed proficiencies in English, United States history, and government. *Id*. Walji brought suit two years after the interview because CIS had not yet decided his citizenship application. *Id*. CIS informed Walji that a decision would not be made until the FBI completed its

- 3 -

mandatory national security background check.  *Id*.     Walji, like
Hindi, relied on 8 U.S.C. § 1447(b) to contend that CIS had caused
unreasonable delay by refusing to make a ruling within 120 days of
Walji's initial examination and interview.  *Id*. at *2.  The
district court determined, and the Fifth Circuit agreed, that
§ 1447(b)'s 120-day period did not begin to run until after all
mandatory background checks had been completed.  *Id*.  The panel
concluded that "when the CIS examination is premature because the
mandatory security investigation is not complete, the 120-day time
period of 8 U.S.C. § 1447(b) does not begin to run until CIS
receives the FBI's 'definitive response,' described in 8 C.F.R.
§ 335.2(b)."  *Walji*, 2007 WL 1747911, at *2; *see* 8 C.F.R.
§ 335.2(b)(2007) ("[CIS] will notify applicants for naturalization
. . . only after [CIS] has received a definitive response from the
Federal Bureau of Investigation that a full criminal background
check . . . has been completed.").

    Applying *Walji* to Hindi's case, the court holds that the 120-
day period has not yet commenced because the FBI's background check
has not been completed.  Because the 120-day clock has not begun to
tick, this court lacks jurisdiction.  *See* 8 U.S.C. § 1447(b)
(providing that district courts only have jurisdiction after the
120-day period has been triggered and exhausted); *Walji*, ___ F.3d
at ___, 2007 WL 1747911, at *1 (same).  When a court lacks
jurisdiction, it must dismiss the case.  *See, e.g., Steel Co. v.*

- 4 -

*Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (citing *Ex parte McCardle*, 7 Wall. 506, 514 (1868)).   Accordingly, the court grants defendants' motion to dismiss for lack of subject matter jurisdiction.

*     *     *

The court grants defendants' April 18, 2007 motion to dismiss for lack of subject matter jurisdiction and dismisses this case without prejudice by judgment filed today.

**SO ORDERED.**

July 19, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE